# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEVOLO GAS ELECTRIC LIGHTS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0281** |
| **GAS LIGHT COMPANY, INC., ET AL.** | **SECTION: "N" (4)** |

## ORDER

Before the Court is **Defendant's Motion to Quash Notice of Trial Depositions (R. Doc. 75)** filed by Defendants Paul D. Roussel, Gas Light Company, Inc., New Orleans Gas and Electric Lights, Inc. (collectively "Defendants"), seeking an order from this Court quashing the notice of trial depositions issued by Plaintiff Bevolo Gas & Electric Lights, Inc. ("Bevolo"). The motion is opposed. (R. Doc. 77). The motion was heard on the briefs on April 5, 2012.

## I.     Background

Bevolo filed this trademark infringement lawsuit after Defendants allegedly sold competing lines of lamps, lanterns and other goods under trademarks that are substantially similar to Bevolo's. (R. Doc. 1, § 27.) Bevolo alleges that Paul D. Roussel, a former employee of Bevolo, is involved in the management or ownership of Defendants Gas Light Company, Inc., New Orleans Gas and Electric Lights, Inc., Uptown Lighting, L.L.C., and Primal Lighting, Inc.[1] Bevolo further alleges that while working for Bevolo, Defendant Paul D. Roussel had access to Bevolo's plans, specifications, manufacturing methods, and marketing strategies. Bevolo seeks damages, and injunctive relief for federal and state law trademark infringement, trademark dilution, and unfair trade practices.

---

[1] Defendant Primal Lighting, Inc. was dismissed from the matter on June 2, 2011. (R. Doc. 20.)

On April 2, 2012, Bevolo informed Defendants via email that it intended to depose three trial witnesses on April 9, 10, and 11, 2012. (R. Doc. 75-4, p. 1.) The email advised Defendants that the notice of depositions would be issued the following day, and that the witnesses would be listed in Bevolo's supplement discovery responses. The email further informed Defendants that the depositions on April 9 and 10 would take place in Louisiana, and that the deposition on April 11 would take place in Washington, D.C. (R. Doc. 75-4, p. 1.)

The next day, Defendants sent an email to Bevolo objecting to the trial depositions on the grounds that (1) none of the witnesses were identified on Bevolo's witness list, and that the March 2, 2012 deadline to file or amend the witness list had passed; (2) Bevolo has known the identity of the witnesses for six (6) months or more, yet waited until nine (9) days before the discovery deadline to introduce the witnesses into the litigation; (3) nine (9) days is not sufficient notice to depose an individual in Washington, D.C.; and (4) the deposition dates and times were unilaterally selected by Bevolo. (R. Doc. 75-5, p. 1.) The same day, Bevolo issued two (2) Notices of Trial Depositions for Don Fuson ("Fuson") and Roy Morton ("Morton") - the two witnesses in Louisiana. (R. Doc. 75-6, 75-7.)

As to the instant motion, Defendants seek an order from this Court quashing the notice of trial depositions issued by Bevolo. Defendants argue that Bevolo has violated the Court's Scheduling Order by unilaterally scheduling trial depositions for Fuson and Morton, who are not listed on Bevolo's witness list. Defendants further argue that Bevolo has violated the Court's Scheduling Order by failing to file a motion requesting both individuals be permitted to testify for good cause shown. Defendants contend that Bevolo has known about Fuson and Morton for at least six (6) months, and thus cannot show good cause for its delay in adding them as witnesses.

Bevolo opposes the motion and argues that Fuson and Morton will be called upon to provide

testimony in response to the arguments raised in three (3) separate motions for summary judgment filed by Defendants on March 20, 2012 (R. Docs. 52, 53, and 55), and to Defendants' expert report, which was provided to Bevolo on March 6, 2012. Bevolo emphasizes that both were issued after the witness list deadline. Bevolo also seems to argue that it was not required to seek leave to supplement its witness list because the deposition testimony "may be offered in response to a motion for summary judgement." (R. Doc. 77.)

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit,

a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

## III. Analysis

In support of their motion, Defendants argue that Bevolo has violated the Court's Scheduling Order by scheduling trial depositions for two individuals who are not listed on Bevolo's witness list. Defendants further argue that Bevolo has violated the Court's Scheduling Order by failing to file a motion for leave to add Fuson and Morton to its witness list.

In opposition, Bevolo argues that Fuson and Morton will be called upon to rebut the arguments and evidence raised in Defendants' motions for summary judgment, which were not received until after the deadline to file or amend its witness list. Bevolo also seems to argue that it was not required to seek leave to add Fuson and Morton to its witness list because the deposition testimony "may be offered in response to a motion for summary judgement."

According to the Scheduling Order, the deadline to file and serve a list of all witnesses who may or will be called to testify at trial was March 2, 2012. (R. Doc. 22, p. 2.) Bevolo filed its witness list on March 2, 2012. (R. Doc. 47.) However, that witness list does not include Fuson or Morton. The Scheduling Order further also states that "[t]he Court will not permit any witness, expert or fact, to testify . . . unless there has been compliance with this Minute Entry as it pertains to the witness . . . without an order to do so issued on motion for good cause shown." (R. Doc. 22, p. 2.) On *April 5, 2012*, Bevolo filed a motion to supplement its witness list to add Fuson and Morton.[2] (R. Doc. 86.) However, at the time of Bevolo's Notices of Trial Depositions, it had not

---

[2]Bevolo's motion for leave to supplement its witness list is currently pending before the presiding District Judge.

4

requested leave from, nor had it been granted leave by the presiding District Judge to add Fuson or Morton to its witness list.

Under the Rules, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party has provided good cause, courts in this Circuit consider four factors: (1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Here, Fuson and Morton are not listed on Bevolo's witness list, nor were they listed on Bevolo's witness list at the time it issued its Notices of Trial Depositions. Thus, such notices must be quashed, without a showing of good cause.

Bevolo argues that Fuson and Morton will be called upon to provide testimony in response to Defendants motions for summary judgment and expert report, which were not filed until after the witness list deadline. Indeed, the motions for summary judgement were not filed until March 20, 2012 - the day of the witness list deadline. Bevolo concedes, however, that the expert report cited in the motions for summary judgment was provided to its counsel on March 6, 2012 - twenty-eight (28) days before it issued its Notices of Trial Depositions. Bevolo states that Fuson and Morton's testimony is "directly relevant" to Defendant's motions for summary judgment and expert report. Yet, Bevolo has failed to provide the Court with a reasonable explanation as to why it did not identify Fuson and Morton as witnesses and seek leave to add them to its witness list immediately after

5

receiving Defendants' expert report on March 6, 2012. Nor has Bevolo provided the Court with a reasonable explanation as to why it did not seek leave to add them to its witness list immediately after receiving Defendants' motions for summary judgment on March 20, 2012.

Bevolo has also failed to provide the Court with a reasonable explanation as to why it did not seek leave to supplement its witness list *before* it issued its Notices of Trial Depositions. Bevolo seems to argue that it was not required to seek leave to add Fuson and Morton to the witness list because the deposition testimony *may be* offered in response to a motion for summary judgement. However, because the notices in question were explicitly entitled "Notices of Trial Depositions", and because Bevolo subsequently sought leave to add Fuson and Morton to its witness list, it does not follow that Fuson and Morton will not be used as witnesses or that the witness list deadline does not apply. Thus, good cause for amendment to the Scheduling Order has not been established by Bevolo.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that **Defendant's Motion to Quash Notice of Trial Depositions (R. Doc. 75)** is **GRANTED**.

New Orleans, Louisiana, this 5th day of April 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**